UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL EDGAR HERRERA,<br><br>Petitioner,<br><br>v.<br><br>TYRELL DAVIS,<br><br>Respondent. | Case No. 1:21-CV-00205-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Raul Edgar Hernandez filed a Petition for Writ of Habeas Corpus and a Motion to Stay Proceedings. Dkts. 3, 4. The Court now reviews the Petition and Motion.

**STANDARD OF LAW**

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court

remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court remedies, then his federal claims are deemed "procedurally defaulted," and the federal court may not hear them, absent a showing that an exception to that rule applies.

## BACKGROUND

Petitioner was convicted by jury of several felony offenses in the Third Judicial District Court in Canyon County, Idaho. He received prison sentences totaling 35 years to life. He pursued a direct appeal and various post-conviction matters to challenge his convictions and sentences. At the time he filed this habeas corpus action, he filed a Motion for Stay and Abeyance to notify the Court that he was continuing to pursue his state court remedies to attempt to avoid procedurally defaulting certain claims in federal court.

## REVIEW OF PETITION AND MOTION TO STAY

Petitioner brings several cognizable ineffective assistance of counsel claims in his Petition for Writ of Habeas Corpus. Dkt. 3. He seeks a stay of this action to complete his exhaustion efforts. Dkt 4. He asserts that his post-conviction counsel did not include all of the claims that he desired to bring, hence, he has decided to pursue those claims pro se in a successive post-conviction petition.

1. **Standard of Law**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Id*. at 277. Staying

the case preserves the original filing date of the claims asserted in the original Petition for the one-year federal statute of limitations period.

In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration for a petitioner who may desire to amend his petition with newly-exhausted claims raised in a successive state post-conviction action is that the federal statute of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

If a petitioner files an untimely successive state post-conviction action or one that is procedurally improper for another reason, then that action cannot toll the federal statute. But, unfortunately, the petitioner usually does not receive a state court order concluding

INITIAL REVIEW ORDER - 3

that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims he or she had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

A second important federal statute of limitations consideration is that habeas corpus "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading [*only*] if the [1] original and [2] amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" Habeas Corpus Rule 2(c), the words "same 'conduct, transaction, or occurrence" does not mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 664. Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." (*Id.*) For these reasons, it is often a safer route for petitioners to file their amended petition at the time the stay is requested, rather than at the time the successive post-conviction action is completed.

2. Discussion

Here, the Court finds that good cause exists and it will exercise its discretion to stay this case pending completion of Petitioner's state post-conviction matters, through the level of the Idaho Supreme Court. Petitioner brings cognizable constitutional claims, he has been

INITIAL REVIEW ORDER - 4

steadily pursuing relief in the state court system (including for claims he believes his post-conviction counsel should have raised), and there is no indication that Petitioner intentionally delayed bringing the claims he is now pursuing in state court. If Petitioner has additional claims in his successive post-conviction matters that are not asserted in this federal petition, he may desire to file an amended petition now to include those claims. If he chooses to do so, his amended petition is due within 21 days after entry of this Order. After that date, nothing should be filed in this stayed case until Petitioner files a motion to re-open the case after completion of his state court matters.

While this case is stayed, the Court will administratively terminate it for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within 30 days after Petitioner's currently-pending state court actions are completed, Petitioner must file a motion to re-open this case if he desires to proceed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay Proceeding (Dkt. 4) is GRANTED. Petitioner is authorized to file an amended petition within **21 days** after entry of this Order, if he desires. This action is STAYED pending completion of Petitioner's post-conviction actions in state court through the level of the Idaho Supreme Court.

2. Petitioner's Application for in Forma Pauperis Status (Dkt. 1) is GRANTED.

3. This case is administratively terminated for internal court administration purposes only. Administrative termination does not affect the filing date of the

petition, nor does it affect the rights of the parties in any way. Within **30 days** after Petitioner's last state court action is completed, Petitioner must file a motion to re-open this case. Other than an amended petition, the parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court actions.

DATED: August 25, 2021

_____
David C. Nye
Chief U.S. District Court Judge