UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RAUL EDGAR HERRERA,

Petitioner,

v.

NICK BAIRD,

Respondent.

Case No. 1:21-cv-00205-DCN

**MEMORANDUM DECISION AND ORDER**

Petitioner Raul Edgar Hernandez is proceeding on his Amended Petition for Writ of Habeas Corpus. Dkt. 20. Now pending is Respondent Tyrell Davis's Motion for Partial Summary Dismissal, which is fully briefed. Dkts. 26, 27, 34. Also pending is Petitioner's Motion to File a Second Amended Petition and Motion to Compel Evidence. Dkts. 34, 35. Having reviewed the parties' briefing, the Court enters the following Order.

## BACKGROUND

Petitioner was convicted by jury of first-degree murder, robbery, burglary, second-degree kidnapping, and aggravated battery in the Third Judicial District Court in Canyon County, Idaho. He received prison sentences totaling 35 years to life. He pursued a direct appeal and various post-conviction matters to challenge his convictions and sentences. During the course of Petitioner's post-trial motions, his sentence for kidnapping was corrected and reduced to the statutory maximum. Petitioner received no other relief.

**REVIEW OF MOTION FOR PARTIAL SUMMARY DISMISSAL: NONCOGNIZABILITY**

Claim 8 is that Petitioner's post-conviction counsel was ineffective for failing to adequately raise a "Fifth Amendment violation claim against trial counsel." Dkt. 20 at 8. Claim 8 is non-cognizable on federal habeas review because there is no federal constitutional right to effective assistance of post-conviction counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). As applicable here, the federal habeas corpus statute provides relief only for a violation of the United States Constitution. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claim 8 is non-cognizable and will be dismissed for failure to state a federal claim upon which relief can be granted.

**REVIEW OF MOTION FOR PARTIAL SUMMARY DISMISSAL: PROCEDURAL DEFAULT**

Respondent asserts that Claims 3, 4, 5, and 7 should be summarily dismissed on procedural default grounds.

1. **Standard of Law: Exhaustion Requirement**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

State court remedies are considered technically exhausted, but not properly exhausted if a petitioner failed to pursue a federal claim in state court and no state remedies

remain available. *Id*. at 848. Or, improper exhaustion can occur when a petitioner tried to pursue a federal claim in state court, but the state court rejected it on an adequate and independent state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). To be adequate, a state rule must be "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). To be independent" of federal law, a state procedural rule must not be interwoven with or rest on federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

A claim is "procedurally defaulted" for federal habeas corpus purposes if it was improperly exhausted in state court, including instances where a state court applies an adequate and independent state procedural bar to dismiss a claim. *Coleman*, 501 U.S. at 731.

**2. Discussion of Claim 3**

Claim 3 is that trial counsel failed to file a timely motion to suppress two sets of statements: those Petitioner made to Detective Peck in response to police-initiated custodial interrogation after Petitioner had invoked his Fifth Amendment right to counsel, and those he made during a recorded conversation with his co-defendant Angelo Cervantes after Petitioner had invoked his right to counsel. Dkt. 20 at 4.

It is important to review the history of Petitioner's communications that occurred at the Nampa Police Department and his subsequent state court claims based on these communications to set the stage for the procedural default analysis.

A. In-Custody Communications

Petitioner's first interview was with Detective Doney. At the beginning of the interview, Doney wrote: "Edgar asked if he would need to call a lawyer if he wanted one and I told him yes." Petitioner did not ask for a lawyer. Doney questioned Petitioner, and Petitioner answered her questions. Near the end of the discussion, Petitioner asked Doney if he could call his sister Sophia so she could call a lawyer for him. At that time, Doney terminated the interview and left the room. *See* Dkt. 34.

After the Doney interview, Sophia picked up Petitioner, and they left the police station. Several hours later, Petitioner was arrested again. Detective Peck took Petitioner into an interview room. Peck advised Petitioner of his Miranda rights, Petitioner executed a written waiver of his Miranda rights and agreed to speak with Peck, and then Peck conducted a custodial interrogation of Petitioner. *See id*.

Petitioner's co-Defendant, Cervantes, was also in custody. Detectives next placed Petitioner in a room with co-defendant Cervantes for two hours and recorded their conversations. State's Lodging E-1 at 105.

B. Various Suppression Claims Raised in the State Courts

On June 29, 2015, about one week before trial, Petitioner's counsel filed a motion to suppress statements from the interview with Detective Peck. State's Lodging A-1 at 119-24. Petitioner argued he had invoked his right to counsel near the end of a preceding interview with Detective Doney, after which Doney terminated the interview, and therefore

Detective Peck should not have initiated an interview, but was required to wait for Petitioner to initiate an interview under *Edwards v. Arizona*, 451 U.S. 477 (1981).

On July 2, 2015, the trial court held an evidentiary hearing on the motion to suppress, listened to the audio recording of the interview,[1] denied the motion as untimely, and alternatively denied the motion on the merits. *Id*. at 192-94.

The court minutes reflect: "The Court indicated the motion was untimely and was denied on that basis. The Court further stated it would additionally address the motion on the merits as to not create post-conviction relief issues. The Court expressed opinions, stated Findings of Fact and conclusions of law for the record and denied the motion" *Id*. at 193-94. No written order memorialized the findings of fact and conclusions of law of the trial court, but a court recorder reported the proceeding. *See id*. The transcript was never ordered, and, therefore, no further reviewing court has known why the motion to suppress was denied on the merits.

In Petitioner's amended petition in the first round of post-conviction review, he brought a claim titled, "Failure to file a motion to suppress statements made while Mr. Cervantes was in the interview room with Petitioner." State's Lodging E-1 at 105. Petitioner recited the following facts as background information:

> On June 24, 2015, Mr. Bujak [trial counsel] filed a motion to suppress Petitioner's statements to Detective Peck, on the grounds that such statements were made in response to police initiated custodial interrogation after Petitioner had invoked his

[1] Here, Petitioner contends that the audio was "garbled and unintelligible. *See* Dkt. 34, at 13.

> Fifth Amendment right to counsel. The trial court denied the motion on the basis that it was untimely.

*Id*. at 105.

Based on this incomplete statement of facts, Petitioner argued that trial counsel was ineffective for failing to file a timely motion to suppress detectives' videorecording of Petitioner's conversations with Cervantes, citing *United States v. Laflerly*, 503 F.3d 293 (3rd Cir. 2007). State's Lodging E-1 at 99-105. Petitioner argued that the Cervantes conversation claim was meritorious, and but for the failure to file the motion to suppress on this grounds, the State would not have been permitted to publish the videos to the jury or call Peck to testify that Cervantes was attempting to protect Petitioner during the recorded conversations. State's Lodging F-1 at 17-18.

Addressing the claim on post-conviction review, the state district court noted that it appeared from Petitioner's cited authorities that his argument was that "he had invoked his right to remain silent prior to his conversation with Mr. Cervantes and that the recording of the conversation violated that right." State's Lodging E-1 at 357. The district court found that "there is simply no evidence about whether Mr. Herrera had invoked his Fifth Amendment right to remain silent" prior to being placed in the room with Cervantes. State's Lodging E-1 at 361. The court reasoned and ruled:

> The record in this case contains briefs from a different motion to suppress that was filed by defense counsel and by counsel for the State. While the issue was different than that addressed here, it did involve the question of whether Defendant invoked his Fifth Amendment rights. The problem is that the briefs of the parties are not evidence as to the facts. There is no order with findings, evidentiary hearing transcript, or other form of

> evidence demonstrating whether Herrera invoked his right to remain silent prior to the videotaped conversation between himself and Mr. Cervantes. As such, the cases offered by Herrera are inapplicable. In sum, there is simply insufficient evidence to demonstrate that either Herrera invoked his Fifth Amendment rights or that the conversation between himself and Mr. Cervantes was a custodial 'interrogation' or its functional equivalent. As in *Arizona v. Mauro*, *supra*, there is no evidence that Herrera would have felt he was being coerced to incriminate himself in any way.
>
> The Court therefore cannot find that had a motion to suppress been filed on this issue, that it would have been granted. This claim is therefore dismissed.

State's Lodging E-1 at 360.

On post-conviction appellate review, Petitioner again asserted that trial counsel was ineffective for failing to file a timely motion raising the claim that Petitioner's Fifth Amendment rights were violated when detectives videorecorded Petitioner's conversations with Cervantes. *Id*. State's Lodging F-1 at 3-19. On appeal, Petitioner also attempted to resurrect the original claim that his trial counsel had asserted in the motion to suppress—trial counsel performed deficiently when he failed to file a timely motion to suppress the statements Petitioner made to Peck during the second interview under the *Edwards* rule. For the first time in the proceedings, post-conviction appellate counsel used Petitioner's and the detectives' jury trial testimony to support the claims. *See* State's Lodging E-1, citing to States' Lodging A-2.

But initial post-conviction counsel had asserted only the Cervantes conversation claim, not the Peck interview claim. Initial post-conviction counsel had not cited to the jury

trial transcript to support Petitioner's assertion that he had invoked his right to counsel before he engaged in the Peck interview and the Cervantes discussion.

In response to the new defense emphasis that Petitioner *had* invoked his right to counsel, the State argued that "Herrera's trial counsel did in fact file a motion to suppress that was considered and denied on the merits." State's Lodging F-4 at 11. The Idaho Court of Appeals examined whether the Cervantes conversation motion to suppress should have been granted.

The State argued that Petitioner "did not argue below, like he argues on appeal, that the *trial transcript* supports his assertion that he invoked his right to counsel." *Id*. at 12 (emphasis added). The Idaho Court of Appeals agreed with the State that

> Herrera's claim is not preserved for appeal. Herrera did not argue below that trial counsel was ineffective for failing to file a motion to suppress on the basis that Herrera's Fifth Amendment rights were violated because, after being Mirandized, Herrera invoked his right to counsel and was thereafter subjected to custodial interrogation by Cervantes. In fact, *Herrera's right to counsel was not discussed anywhere in his petition for post-conviction relief or at the summary dismissal hearing*. Instead, as the district court indicated, Herrera cited to cases from other jurisdictions where defendants invoked their right to remain silent and later engaged in conversations that the defendants sought to suppress. Based on those cases, Herrera argued that trial counsel was deficient for failing to move to suppress the recordings that were taken after "law enforcement allow[ed] Mr. Cervantes to be placed in the interview room with Petitioner." Although Herrera points to evidence from the trial transcript that may support his assertion that he invoked his right to counsel before engaging in the recorded conversation with Cervantes, *Herrera did not argue that he invoked his right to counsel nor support such an argument with any evidence below*. This Court has repeatedly held that issues not raised

> below will not be considered by this Court on appeal, "and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019).

State's Lodging F-4 at 12 (emphasis added).

The Court of Appeals alternatively held: "Even if preserved, Herrera's claim fails on the merits because it was not supported with admissible evidence. As the State argued in its briefing, the record in this case shows that trial counsel did in fact file a motion to suppress based on the theory that Herrera had invoked his right to counsel in his first interview with detectives and therefore subsequent statements by Herrera should be suppressed." *Id*. at 13. Herrera did not submit any admissible evidence, such as the trial court's order on the motion to suppress, to show whether the trial court dismissed the claim as untimely or on the merits." *Id*. The appellate court concluded: "Because the record contains the motion that Herrera alleged trial counsel failed to file and Herrera did not support his conclusory allegation that the motion was dismissed on the sole basis that it was untimely, the district court did not err in summarily dismissing Herrera's claim." *Id*.

In addition, the Idaho Court of Appeals concluded that Petitioner provided no evidence that the state district court did not also alternatively deny the claim on the merits. This is an accurate characterization of the post-conviction record—the alternative denial on the merits was an oral pronouncement from the bench that was court-reported and recorded but never transcribed, as noted above.

Petitioner also raised his suppression claims in his second post-conviction petition. State's Lodging G-1. The state district court granted the State's motion for summary

dismissal of the second petition because Petitioner could have raised his claims in the original post-conviction matter. *Id.* at 130-136. The Idaho Court of Appeals declined to adjudicate any of Petitioner's claims because he did not offer any argument or support, contrary to Idaho Appellate Rule 35(a)(6). State's Lodging H-9. Such claims are considered waived under *Powell v. Sellers*, 937 P.2d 434, 440 (Idaho Ct. App. 1997). The sole exception was that the appellate court adjudicated Petitioner's claims that his post-conviction counsel were ineffective, concluding that he "failed to overcome the procedural bars in I.C. § 19-4908" as to initial post-conviction counsel and that there was no state or federal right to effective assistance of successive post-conviction counsel. *Id*. at 4-5.

C. Analysis of Procedural Default

In the first post-conviction action, the Idaho Court of Appeals determined that the specific factual and legal bases for the Cervantes interview suppression claim was that Petitioner has invoked his right to counsel in the Doney interview, but Petitioner never presented these specific bases in his argument to the initial post-conviction court; therefore these issues and this particular claim were not preserved for appeal. This independent state procedural bar is a long-established and consistently-applied state procedural bar. *See e.g., State v. Garcia-Rodriguez*, 396 P.3d 700 (2017) (collecting cases); *Person v. State*, 210 P.3d 561 (Idaho Ct. App. 2009) (noting the "general rule that issues not raised below may not be considered for the first time on appeal," citing *Small v. State*, 971 P.2d 1151, 1155 (Ct. App. 1998)); *see also Row v. State*, 21 P.3d 895, 902 (Idaho 2001). Therefore, Claim 3 is procedurally defaulted.

The Idaho Court of Appeals alternatively held that the claim was meritless because Petitioner had failed to support it with sufficient facts. An alternative holding on the merits does not undermine the prior application of the procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding.") (emphasis in original); *see also Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.").

D. Standard of Law: Cause and Prejudice

Habeas corpus relief cannot be granted on a procedurally defaulted claim unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.* If the petitioner cannot meet one of these exceptions, the federal district court's only options are to dismiss the claim on procedural grounds or deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Errors of counsel made on *post-conviction review* that cause the default of other claims generally *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* test consists of four requirements or prongs: (1) the claim of "ineffective assistance of trial [or appellate] counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance of trial counsel claim"; and (4) "state law requires that an 'ineffective assistance of trial counsel [claim] ... be raised in an initial review collateral proceeding.'" *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez*, 566 U.S. at 13-14).

The *Martinez* exception applies only to procedurally defaulted claims of ineffective assistance of trial counsel. The exception has not been extended to other types of claims. *See Davila v. Davis*, 582 U.S. 521, 535 (2017) (*Martinez* not applicable to ineffective

assistance of direct appeal counsel claims); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to defaulted *Brady* claims).

Even under *Martinez*, admission of new evidence is a rare exception, not the rule. In *Shinn v. Ramirez*, 596 U.S. 366 (2022), the United States Supreme Court held that habeas petitioners must make a § 2254(e)(2) showing before being permitting to develop new evidence for the purpose of overcoming procedural default. *Ramirez* reiterated that post-conviction counsel's fault in failing to produce evidence in state court is attributable to their clients and does not satisfy 28 U.S.C. § 2254(e)(2). *Id*. at 383-87. The Supreme Court observed, "there is no point in developing a record for cause and prejudice if a federal court cannot later consider that evidence on the merits," and where a petitioner cannot meet § 2254(e)(2), a "*Martinez* hearing would serve no purpose," providing "reason to dispense with *Martinez* hearings altogether." *Id*. at 389.

This same reasoning applies to attempts to introduce evidence without an evidentiary hearing. *Id*. (citing *Holland v. Jackson*, 542 US. 649, 653 (2004) (per curiam)). "*Martinez* did not prescribe largely unbounded access to new evidence whenever postconviction counsel is ineffective," the *Ramirez* Court clarified. *Id*. at 387.

E. Analysis of Cause and Prejudice

As to cause and prejudice, Petitioner asserts that his initial post-conviction counsel should have presented the audio recording or other evidence showing that he invoked his right to counsel at the end of the Doney interview. He argues that, had initial post-conviction counsel presented that evidence, Petitioner's invocation of his right in the

Doney interview should have protected him from the Peck interview and from police recording his conversations with Cervantes. Dkt. 34 at 2.

This Court may be missing several parts of the state court record relevant to the cause and prejudice question. Petitioner has not shown that he or his counsel submitted evidence of invocation of his right to counsel. Petitioner attached some exhibits to his original pro se post-conviction petition that were sealed by the court; it is unclear whether these exhibits are already part of the record lodged by Respondent. In addition, as noted above, the state district court made findings of fact after an evidentiary hearing on the Cervantes conversation suppression claim, but those findings are not part of the record before this Court. This Court must give deference to state court findings of fact. *See* 28 U.S.C. § 2254(e)(1).

Therefore, the Court will require Respondent to determine whether State's Lodging E-1 (or another part of the record) contains the sealed original pro se post-conviction petition sealed exhibits, or a supplement must be lodged and a copy provided to Petitioner. Respondent will also be required to determine whether the court reporter can make a transcription of the July 2, 2015, evidentiary hearing. If so, the transcription should be lodged and a copy provided to Petitioner. If not, the Court will determine how next to proceed on the issue.

The Court will grant Petitioner's request that Respondent provide him with a copy of the audio recording of the Doney interview (where he asserts he invoked his right to

counsel) and will also order that the prison provide Petitioner with the electronic means for him to listen to it. Petitioner may argue its relevance in future proceedings.

Petitioner must show that he did present evidence in support of the ineffective assistance of counsel motion to suppress claims to the state district court in the initial post-conviction review action (and that he did present the same factual basis to both the district and appellate courts), or that an external factor prevented him or his initial post-conviction attorney from submitting the evidence as required by *Shinn*.

Petitioner has also asked to amend his Petition "to include certain evidence under habeas Rule 7 and clarify his arguments." Dkt. 34 at 2. Amendment is not needed for these reasons. New evidence must meet the standards of law set forth above. Petitioner may clarify his arguments regarding his claims in the next round of proceedings.

**3. Discussion of Claims 4 and 5**

Claim 4 and 5 center on trial counsel's own disbarment proceedings that allegedly affected Petitioner's case. Claim 4 is that trial counsel was ineffective because he failed to seek an extended continuance in light of his disbarment proceeding. Dkt. 20 at 78. Claim 5 is that trial counsel's performance was deficient based on a failure to voir dire the jurors concerning media coverage of his own "criminal trials and proceeding[s]." *Id*. at 8.

Respondent argues that both claims are procedurally defaulted, because neither claim was raised in any state-court appeal. The record shows that these claims were not raised on direct appeal or in the initial post-conviction appeal. State's Lodgings B-1, F-1.

On direct appeal, Petitioner challenged only his sentence. In the initial post-conviction appeal, five claims of ineffective assistance of trial counsel were raised, but on post-conviction appeal, only three claims of ineffective assistance of trial counsel were raised: "failure to investigate, interview, and present testimony of eyewitnesses"; "failure to request an instruction on the law of accessory after the fact"; and "failure to file a timely motion to suppress statements" and "to raise meritorious bases to suppress them." State's Lodging F-1 at 3-4. Petitioner also raised a cumulative error claim based on the three ineffective assistance claims. *Id*. at 4.

In Petitioner's successive post-conviction petition, he presented many claims of ineffective assistance of trial counsel. State's Lodging H-1. To the extent that Claims 4 and 5 are similar to ineffective assistance claims raised in Petitioner's successive post-conviction petition, the Idaho Court of Appeals declined to entertain any such claims because Petitioner "fail[ed] to offer any argument or authority in support of each of these 'issues.'" State's Lodging H-9 at 3-4. The result of failing to follow this rule is that "[a] party waives an issue on appeal." *Id*. at 4. As noted above, the Idaho Court of Appeals cited sufficient authority in its opinion to show that this is an adequate state procedural bar. *Id*.

The Court will provide Petitioner with a final opportunity to show cause and prejudice before dismissing these claims.

**4. Discussion of Claim 7**

Claim 7 is that direct appeal counsel was ineffective for failing to raise any meritorious claim in briefing. Petitioner raised this claim in his original post-conviction

petition. State's Lodging E-1 at 11. In his second amended petition, he asserted five particular ineffective assistance of direct appeal counsel claims. *Id*. at 134-35. Even if the particular claims are construed to be the equivalent of the general claim in Claim 7, no direct appeal counsel claims were asserted in Petitioner's appellate briefing. *See* State's Lodging F-1. Claim 7 is procedurally defaulted for failure to present it on appeal.

The Court will provide Petitioner with a final opportunity to show cause and prejudice before dismissing this claim.

**5. Conclusion**

Claims 1 is dismissed with prejudice as noncognizable. Claims 3, 4, 5, and 7 are procedurally defaulted. The Court will determine cause and prejudice in the next round of proceedings. There is insufficient evidence in the record to support a miscarriage of justice (actual innocence) exception. The parties will also be ordered to brief the remaining claims.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Judgment (Dkt. 26) is GRANTED in part and conditionally GRANTED in part. Claim 1 is DISMISSED with prejudice, but it is not ripe for appeal until the conclusion of this matter. Claims 3, 4, 5, and 7 are procedurally defaulted and will be dismissed with prejudice in the next round of proceedings unless Petitioner makes the showings set forth above when he briefs cause and prejudice.

2. The parties shall follow the instructions set forth above regarding the missing portions of the state court record. Respondent shall file a notice of compliance when its investigation and any lodgings are completed.

3. Petitioner's Motion for Extension of Time (Dkt. 33) is GRANTED only to the extent that Petitioner's filings are timely.

4. Petitioner's Motion to Compel Production of Evidence (Dkt. 35) is GRANTED. Respondent shall provide a copy of the audio recording of the Doney interview to Petitioner. The prison shall provide electronic means for Petitioner to listen to the Doney interview.

5. Petitioner shall file one complete cause and prejudice brief **within 30 days** after receiving the audio recording and any supplemental records, and Respondent shall have **30 days** to respond.

6. Respondent shall file an answer to the remaining claims that were not the subject of the motion to dismiss **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

8. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge